# In the United States Court of Appeals for the District of Columbia Circuit

| | |
|---|---|
| Clean Wisconsin, *et al.*, )<br>)<br>*Petitioners*, )<br>)<br>v. )<br>)<br>Federal Energy Regulatory )<br>Commission, )<br>)<br>*Respondent*. )<br>) | Nos. 25-1264, 25-1266<br>(consolidated) |

## Motion of Respondent Federal Energy Regulatory Commission to Hold Petitions for Review in Abeyance

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Circuit Rule 27, Respondent Federal Energy Regulatory Commission ("FERC" or "Commission") respectfully moves the Court to hold the above-captioned petitions for review in abeyance, including the filing of the agency record, until March 2, 2026. The parties would file motions to govern further proceedings once abeyance ends, and initial submissions would be due seven days after abeyance concludes.

The above-captioned Commission matter involves issues closely related to those presented in another appeal pending before this Court. *See Advanced Energy*

1

*United, et al. v. FERC*, Nos. 25-1265, 25-1267 (D.C. Cir.). Given the interrelationship between the two cases, the timelines of both appeals should be coordinated. In *Advanced Energy United*, all petitioners have consented to abeyance until March 2—the same relief requested here. In the above-captioned petitions for review, Petitioners Advanced Energy United, American Clean Power Association, Clean Grid Alliance, and Solar Energy Industries Association (No. 25-1266) similarly do not oppose abeyance until March 2. However, Petitioners Clean Wisconsin, Natural Resources Defense Council, and Sierra Club (No. 25-1264) do oppose abeyance. What's more, this latter set of Petitioners has filed a motion seeking to expedite briefing, *see* Pet'rs' Motion to Expedite, No. 25-1264 (D.C. Cir.), Doc. 2151389 (Dec. 19, 2025)—even before the extent of their grievance is known given the pending nature of FERC's response to Petitioners' rehearing requests. (The Commission will be filing a response opposing Petitioners' Motion to Expedite.)

The Court should grant the requested abeyance in both matters. Abeyance will afford FERC an opportunity to respond to rehearing requests in reasoned orders in both proceedings, while also synchronizing appellate review in these related appeals.

* * *

1. Abeyance is appropriate because the Commission has given notice that it intends to issue a rehearing order in the underlying agency proceeding. The above-captioned petitions stem from a FERC order approving the Midcontinent Independent System Operator's ("Midcontinent") proposal to establish an expedited interconnection study process for addressing urgent resource adequacy needs. *Midcontinent Indep. Sys. Operator, Inc.,* 192 FERC ¶ 61,064, P 1 (July 21, 2025). Petitioners sought rehearing of that initial order, and, on September 22, 2025, the Commission issued a "Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration." *Midcontinent Indep. Sys. Operator, Inc.,* 192 FERC ¶ 62,185. In the notice, the Commission stated that it would address Petitioners' rehearing requests "in a future order," where it "may modify or set aside [the initial order], in whole or in part, in such manner as it shall deem proper." *Id.* Until then, Petitioners' rehearing requests remain pending, and the administrative record is incomplete.

Holding these petitions in abeyance will afford FERC the time necessary to issue that future order and will serve the interests of judicial economy by avoiding piecemeal appeals. Abeyance will also allow the Commission to retain the power to "affirm, modify, or set aside [its] order[s] in whole or in part," before the Court

assumes exclusive jurisdiction and this appeal proceeds to briefing. 16 U.S.C. § 825*l*(b).

When a party seeks rehearing, "there is always a possibility that the order complained of will be modified in a way which renders judicial review unnecessary. Practical considerations, therefore, dictate that when a petition for rehearing is filed, review may properly be deferred until this has been acted upon." *Outland v. Civil Aeronautics Bd.*, 284 F.2d 224, 227–228 (D.C. Cir. 1960). The "proper course" in these circumstances is to "hold the appeal in abeyance pending the Commission's further proceedings, keeping the record open for supplementation to reflect those proceedings." *Wrather-Alvarez Broad., Inc. v. FCC*, 248 F.2d 646, 649 (D.C. Cir. 1957); *see also Alaska v. FERC*, 980 F.2d 761, 764 (D.C. Cir. 1992) (Court's preference is to require parties to wait for appellate review until the lawsuit is ultimately resolved, "to insist on the standard of one case, one appeal").

2. The matter here on review implicates issues that are closely related to those presented in another matter currently before this Court. On the same day FERC published the order on review in this appeal, FERC issued *Southwest Power Pool, Inc.*, 192 FERC ¶ 61,062 (July 21, 2025), in which, as here, FERC approved another wholesale market operator's (Southwest Power Pool, Inc.'s) framework for expediting the study of generator interconnection requests. *See Advanced Energy*

*United*, Nos. 25-1265, 25-1267. In fact, some of the same petitioners and counsel are involved in both matters. Both FERC proceedings involve requests by wholesale market operators to accelerate the study of interconnection requests of "shovel ready" projects, in order to address near-term resource adequacy crises. *Compare Midcontinent*, 192 FERC ¶ 61,064, P 81, *with Southwest Power Pool*, 192 FERC ¶ 61,062, P 104. Yet, unlike here, all petitioners in *Advanced Energy United* have consented to the Commission's reasonable request of a short abeyance, until March 2, 2026.

\*     \*     \*

The Commission respectfully requests that the Court: (1) hold the above-captioned petitions for review, including the filing of the agency record, in abeyance until March 2, 2026, (2) order the parties to file motions to govern further proceedings thereafter, and (3) order that initial submissions be due seven days after abeyance concludes.

Respectfully submitted,

*/s/ Jared B. Fish*
Jared B. Fish
Senior Attorney

Federal Energy Regulatory
 Commission
888 First Street, NE
Washington, DC 20426
(202) 502-8101
Email: Jared.fish@ferc.gov

December 19, 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 879 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this motion complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Equity A 14-point font using Microsoft Word.

*/s/ Jared B. Fish*
Jared B. Fish
Senior Attorney

Federal Energy Regulatory
  Commission
888 First Street, NE
Washington, DC 20426
(202) 502-8101
Email: Jared.fish@ferc.gov

December 19, 2025

## CERTIFICATE OF SERVICE

I hereby certify that, on December 19, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jared B. Fish*
Jared B. Fish
Senior Attorney
